IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DOUGLAS MELTON,

    Plaintiff,

    v.

ERIK COLLINS, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:22-CV-4796-TWT

## OPINION AND ORDER

This is a personal injury action. It is before the Court on the Defendants' Motion for Partial Summary Judgment [Doc. 44] and the Plaintiff's Motion for Leave to Amend [Doc. 50]. For the reasons set forth below, the Defendants' Motion for Partial Summary Judgment [Doc. 44] is GRANTED, and the Plaintiff's Motion for Leave to Amend [Doc. 50] is DENIED.

## I.  Background[1]

This case arises from injuries that the Plaintiff Douglas Melton allegedly sustained in a car accident when the Defendant Erik Collins rear-ended the car in which Melton was a passenger. (Defs.' Statement of Undisputed Material Facts ¶¶ 1–2). Collins was driving a truck as an employee of the Defendant P.A.M. Transport, Inc. (*Id.* ¶ 7). The Plaintiff brings a variety

---

[1] The operative facts on the Motion for Partial Summary Judgment are taken from the Defendants' Statement of Undisputed Material Facts. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B).

of negligence claims against the Defendants and a direct action claim against the Defendant Cherokee Insurance Company. The Defendants now move for partial summary judgment, and the Plaintiff moves for leave to amend.

## II.    Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

When a party is not entitled to amend its pleading as a matter of course, it must obtain the opposing party's consent or the court's permission to file an amendment. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that a court should "freely" give leave to amend a pleading "when justice so requires." *Id.* Although a discretionary decision, the Eleventh Circuit has explained that "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Advert. & Mktg. Grp.,*

2

*Inc. v. Pinnacle Advert. & Mkgt. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). Generally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given *at least one* chance to amend the complaint before the district court dismisses the action with prejudice." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation omitted). There are three exceptions to this rule: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.* (citation and alteration omitted).

### III.   Discussion

The Defendants move for summary judgment as to the Plaintiff's claims for (1) negligent hiring, training, and supervision against the Defendant P.A.M. Transport, Inc. (Count III); (2) negligent inspection, maintenance, and repair against the Defendants P.A.M. Transport and Erik Collins (Count IV); (3) punitive damages against all Defendants (Count VII); and (4) special damages for future medical expenses against all Defendants (Count VI). (Br. in Supp. of Defs.' Mot. for Partial Summ. J., at 1–3).

In response, the Plaintiff concedes that the facts do not support any of the contested claims, except for his claim for future medical expenses, and he moves for leave to amend his complaint to remove his allegations in Counts III, IV, and VII, accordingly. (Pl.'s Resp. Br. in Opp'n to Defs.' Mot. for Partial

Summ. J., at 2–3; *see also* Br. in Supp. of Pl.'s Mot. to Amend, at 2–3). He argues that the life care plan disclosed in his fourth and fifth supplemental discovery responses and amended initial disclosures, however, supports his claim for future medical expenses, which should preclude summary judgment on Count VI. (*Id.* at 5–7).

In reply, the Defendants oppose the Plaintiff's proposed amendment, arguing that entering summary judgment is the proper procedural mechanism for resolving the claims and noting that the Plaintiff's request to amend contravenes the deadlines set in the parties' discovery plan. (Reply Br. in Supp. of Defs.' Mot. for Partial Summ. J., at 2–3; *see also* Defs.' Resp. Br. in Opp'n to Pl.'s Mot. to Amend, at 2). The Defendants also contend that the life care plan disclosed in support of the Plaintiff's claim for future medical expenses should be excluded because the designated expert was not identified until the day that discovery closed in the case and because the life care plan itself was not disclosed until more than fifty days after the close of discovery. (Reply Br. in Supp. of Defs.' Mot. for Partial Summ. J., at 3–4). And without any evidence beyond the excluded life care plan, the Defendants claim that summary judgment in their favor is proper as to the Plaintiff's claim for special damages for future medical expenses. (*Id.* at 4–6).

The Court concludes that the Defendants' Motion for Partial Summary Judgment should be granted in its entirety. The Plaintiff concedes that no evidence in the record exists that would support his claims of punitive damages

4

or negligent hiring, training, supervision, inspection, maintenance, or repair. And he therefore has failed to carry his burden to present affirmative evidence to show that a genuine issue of material fact exists regarding the claims. Accordingly, the Defendants are entitled to summary judgment on those claims. The Defendants are also entitled to summary judgment on the Plaintiff's claim for special damages for future medical expenses because the Plaintiff failed to produce his life care plan before the discovery deadline and, importantly, offers no justification for the delay. Indeed, the Plaintiff filed no reply brief in support of his Motion for Leave to Amend that could have explained the delay. Absent any proper evidence showing entitlement to future medical expenses, summary judgment in favor of the Defendants is proper as to the claim for future medical expenses in Count VI.

## IV.   Conclusion

For the foregoing reasons, the Defendants' Motion for Partial Summary Judgment [Doc. 44] is GRANTED, and the Plaintiff's Motion for Leave to Amend [Doc. 50] is DENIED.

SO ORDERED, this ___22nd___ day of August, 2024.

THOMAS W. THRASH, JR.
United States District Judge